**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-15-00086-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Today.com Incorporated, et al., | |
| Defendants. | |

Defendants Nathan Gwilliam, Dale Gwilliam, and Adoption.com have filed a joint motion to dismiss.  Doc. 14.  The motion is fully briefed, and no party has requested oral argument.  The Court will deny the motion.

I.      **Background.**

A.      **The Parties.**

Defendant Today.com was formed in approximately February, 1998.  *See* Doc. 13, ¶¶ 9-11.  Defendant Nathan Gwilliam ("Nathan") acted as President and Treasurer, and Defendant Dale Gwilliam ("Dale"), who appears to be Nathan's father, was Secretary and Vice President.  *Id.*, ¶¶ 12-13.  The government alleges that Today.com failed to pay-over to the IRS federal employment taxes it had withheld from employees during the quarters ending December 31, 1998, March 31, 1999, and June 30, 1999, and also failed to pay the employer's share of FICA taxes for these same quarters.  *Id.*, ¶ 51.  The government refers to these as "941" taxes because they are reported on IRS Form 941.  Doc. 19 at 2-3.  Today.com also allegedly failed to pay federal unemployment taxes for the year

ending December 31, 1998.  Doc. 13, ¶ 51.  The government refers to these as "940" taxes because they are reported on IRS Form 940.  Doc. 19 at 3.  As of June 1, 2015, the government had assessed back taxes and penalties of $288,149.48.  Doc. 13, ¶ 51.

One of the primary businesses held by Today.com was Adoption.com, an Arizona corporation.  *Id.*, ¶ 11.  On August 31, 1999, Today.com sold the assets of Adoption.com to Nathan and Dale.   *Id.*, ¶ 26.   The government alleges that the sale included substantially all of the assets of Today.com and was an attempt to avoid Today.com's federal tax liabilities.  *Id.*, ¶¶ 30-31.  The sale agreement specifically provided that Nathan and Dale were not acquiring the tax liabilities of Today.com.  *Id.*  Nathan and Dale transferred the assets to a new entity named Adoption.com that was formed under the partnership laws of Arizona.  *Id.*, ¶ 35.  The government alleges that Today.com was left with insufficient assets to pay its liabilities.

**B.     The Utah Litigation.**

On September 30, 2011, the government filed a complaint against Nathan in the United States District Court for the District of Utah.  The complaint alleged that Nathan was liable for the federal income and FICA taxes that Today.com failed to pay for the tax periods ending December 31, 1998, March 31, 1999, June 30, 1999, and September 30, 2000.  Doc. 14-2, ¶ 16.  Nathan's alleged liability was based on his role as a controlling officer of Today.com and 26 U.S.C. § 6672, which states that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax . . . shall . . . be liable [for] a penalty equal to the amount of tax evaded."  Section 6672 thus imposes a penalty, rather than a tax, on persons responsible for a failure to pay taxes.

Nathan filed a motion to dismiss the § 6672 action based on the statute of limitations.  On February 22, 2012, the Utah court entered a one-sentence order granting the motion.  Doc. 14-3.  The government sought reconsideration, arguing for the first time that Nathan's assets were in receivership, which tolled the limitations period.  Doc. 14-4 at 2.  The Utah court entered a two-sentence order denying reconsideration.

Doc. 14-5. Nathan was awarded attorneys' fees and costs. Doc. 14-6. The government appealed the Utah court's decision, but dismissed the appeal in exchange for Nathan's waiver of attorneys' fees. Doc. 14-7.[1]

### C. This Suit.

Count one of the First Amended Complaint is asserted solely against Today.com and seeks to reduce to judgment Today.com's 941 and 940 tax liabilities and penalties, totaling $288,149.48. Doc. 13, ¶ 51. Count two alleges that sale of the Adoption.com assets to Nathan and Dale constituted a fraudulent transfer, and seeks to avoid the transfer or attach other assets of Nathan and Dale. *Id.*, ¶ 71. Count three alleges that the sale violated the trust fund doctrine, and seeks to hold Nathan and Dale liable. *Id.*, ¶ 75. Count four alleges that the Adoption.com partnership and its partners, Nathan and Dale, have successor liability for the tax obligations of Today.com. *Id.*, ¶¶ 80-81. In other words, count one seeks a judgment for Today.com's longstanding tax liability, and counts two through four assert various legal theories under which the government seeks to hold Nathan, Dale, and the Adoption.com partnership liable for that tax liability.

## II. Analysis.

Defendants argue that claims against Nathan, Dale, and Adoption.com are barred by claim preclusion, issue preclusion, and the statute of limitations. Doc. 14 at 5-11.[2]

### A. Claim Preclusion.

Res judicata, also called claim preclusion, "provides that a final judgment on the merits of an action precludes the parties from re-litigating all issues connected with the action that were or could have been raised in that action." *Rein et al., v. Providian*

---

[1] Although not part of the complaint or its attachments, the Court takes judicial notice of the Utah litigation documents because they are matters of public record. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] Even though defense counsel do not represent Today.com, they originally argued that the claims against Today.com should be dismissed because it was not served within 120 days as required by Rule 4(m) of the Federal Rules of Civil Procedure. Defendants concede in their reply that Today.com was in fact served within the required time. Thus, there is no motion or pending argument that would relieve Today.com of the claim asserted in count one. Indeed, the Clerk has entered default against Today.com. Doc. 34.

*Financial Corp.*, 270 F.3d 895, 898-899 (9th Cir. 2001) (internal citation omitted).  "The elements necessary to establish res judicata are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (internal citation omitted).  Because all three elements are necessary, the absence of any one will prevent the application of claim preclusion.  The Court finds that Defendants have failed to establish the first element – an identity of claims.

In determining whether this case and the Utah action involve an identity of claims, several factors must be considered:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  The last of these criteria is the most important.

*Id.* (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) (internal citation omitted)).  The Court will consider each of these factors.

First, the Court concludes that the rights or interests established in the Utah action would not be destroyed or impaired by prosecution of this case.  The Utah litigation established Nathan's right to be free from a § 6672 penalty.  This case seeks to hold Nathan, Dale, and Adoption.com liable for Today.com's tax liability on the basis of fraudulent transfer, violation of the trust fund, and successor liability.  Because § 6672 liability is "totally independent liability from that of the corporation," *J.J. Re-Bar Corp. v. United States*, 644 F.3d 952, 955 (9th Cir. 2011)), and the claims in this case seek to hold Defendants liable for the tax liability of the corporation, the claims in this case concern different rights and interests than were at stake in the Utah litigation.

Second, this case will not involve substantially the same evidence as the Utah action.  The Utah action required proof that Nathan, as an officer of Today.com, willfully

- 4 -

failed to collect, truthfully account for, and pay over the entity's taxes.  26 U.S.C. § 6672. This case requires proof that sale of the Adoption.com assets to Nathan and Dale was for insufficient consideration and for the purpose of defrauding creditors or violating the trust fund, and evidence that the Adoption.com partnership sufficiently continued the business of Today.com to constitute a successor entity.  None of these issues were present in the Utah action.

Third, the two suits do not involve infringement of the same right.  The Utah action concerned the government's right to collect a penalty arising out of a failure to pay 941 taxes.  This case concerns the government's right to collect 941 and 940 taxes avoided through a fraudulent transfer or violation of the trust fund, or through successor liability.

Fourth, although the two actions arise out of some of the same the facts – Today.com's failure to pay taxes – they also arise out of significantly different facts.  As noted, the Utah action arises out of Nathan's allegedly willful failure, as an officer of Today.com, to collect, truthfully account for, and pay over Today.com's taxes.  This case arises out of an allegedly fraudulent transfer of Today.com's assets, violation of the trust fund, and the transfer of assets from Today.com to the Adoption.com partnership.

After considering these factors, the Court concludes that this case and the Utah case do not share an identity of claims.  Claim preclusion does not bar this action.[3]

### B.    Issue Preclusion – Receivership Argument in the Utah Case.

"Issue preclusion bars successive litigation of an issue of fact or law that is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment." *Bobby v. Bies*, 556 U.S. 825, 834 (2009) (internal citations omitted).  Three requirements must be met: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be re-litigated; (2) the first proceeding ended

---

[3] The Court is not persuaded by cases cited by Defendants, such as *In re West Texas Marketing Co. v. Kellogg*, 12 F.3d 497 (5th Cir. 1994), which concerned precisely the same tax liability litigated in two separate proceedings.  As noted above, there are significant differences between the Utah action and this case.

with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party to the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

The government argues that the claims in this case, although quite old, are not time-barred because Nathan's assets were in receivership for a time, which tolled the running of the statute of limitations. Defendants assert that this position is barred by issue preclusion because it was decided in the Utah action. Doc. 14 at 8-9. The government responds that issue preclusion cannot apply because the receivership argument was made for the first time in the Utah action in a motion for reconsideration and was never actually addressed by the Utah court. Doc. 19 at 6, 10.

The Utah complaint did allege the existence of the receivership, but did not assert that it tolled the statute of limitations. Doc. 14-2, ¶¶ 30-32. Nathan's motion to dismiss the Utah action asserted that the limitations period had run and had not been tolled by an installment agreement with the IRS; it did not mention the receivership. Doc. 14-11. The government's response to the motion likewise did not mention the receivership as a basis for tolling the limitations period. Doc. 20-4. Thus, the Utah court's one-sentence grant of the motion to dismiss could not have decided the receivership issue.

The government did argue in its motion for reconsideration that the receivership tolled the statute of limitations. Doc. 14-4 at 12-14. But in denying reconsideration, the Utah court did not address the argument. It said simply that "plaintiff offers no facts or law which would suggest to the court that its earlier decision was erroneous[.]" Doc. 14-5. Because the "earlier decision" could not have addressed the receivership issue, and this order said nothing more than that the earlier decision was not erroneous, the Court cannot conclude that the denial of reconsideration necessarily decided the receivership argument. The Utah court might just as well have concluded that the argument was waived because it was not raised in response to the motion to dismiss.

Defendants have not shown that the Utah court made a "final judgment on the merits" of the receivership tolling argument, *Reyn's Pasta*, 442 F.3d at 746, or that the

argument was "actually litigated" in the Utah action, *Bobby*, 556 U.S. at 834.  Issue preclusion therefore does not bar the government from asserting the receivership argument in this case.

### C.    Statute of Limitations

#### 1.    Receivership Tolling.

The tax claims in this case are subject to a ten-year statute of limitations from the date of assessment.  26 U.S.C. § 6502(a).  The statute of limitations may be tolled "for the period the assets of the taxpayer are in control or custody of the court in any proceeding before any court of the United States or of any State or of the District of Columbia, and for 6 months thereafter."  26 U.S.C. § 6503(b).  "Substantially all" assets of the taxpayer must be under the control of a court.  26 C.F.R. § 301.6503(b)-1.  Defendants ask the Court to reject the government's receivership argument and find this action time-barred because the "taxpayer" for purposes of § 6502(a) is Today.com, and Today.com was never in receivership.  Doc. 14 at 10.

The government argues that the August 31, 1999 sale of Adoption.com's assets to Nathan and Dale stripped Today.com of its assets, that those assets flowed into other entities controlled by Nathan and Dale, and that those entities eventually ended up in receivership in June 2008.  Doc. 13, ¶¶ 34-48.  Therefore, the government asserts, substantially all of the assets of Today.com were in the receivership from June 6, 2008 until October 24, 2013, and the statute of limitations was tolled for this entire period plus 6 months under § 6503(b).  Doc. 13, ¶¶ 58-60; Doc. 19 at 12.

Defendants argue that the government fails to allege that all of the assets of Today.com were in receivership, but the First Amended Complaint alleges that the assets transferred to Nathan and Dale "comprised substantially all of Today.com, Inc.'s assets." Doc. 13, ¶ 30.  Defendants also argue that various items of evidence contradict the government's receivership, fraudulent transfer, trust fund, and successor liability allegations, but such evidentiary arguments must be left for summary judgment or trial.  Factual allegations of the complaint must be taken as true in ruling on the motion to

1    dismiss.[4]

2          When, as here, the statute of limitations is asserted as a basis for a motion to

3    dismiss, the "'complaint cannot be dismissed unless it appears beyond doubt that the

4    plaintiff can prove no set of facts that would establish the timeliness of the claim.'"

5    *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail*

6    *Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).  Given the allegations

7    in the complaint, the Court cannot conclude beyond doubt that the government will fail to

8    establish its receivership position.

9                    **2.      Receivership Termination.**

10         The parties disagree on when the receivership ended and, therefore, on when

11   tolling would have ended.  The government's complaint alleges that the receivership

12   ended August 15, 2013, but that it held assets until October 24, 2013.  Doc. 13, ¶ 58.

13   Defendants argue that the receivership ended on September 26, 2013, when Nathan

14   purchased the company interests from Dale.  Doc. 26 at 8.  The parties have provided no

15   briefing, however, on whether federal or state law controls receivership determinations

16   for purposes of § 6503(b) tolling, or what the relevant law says with respect to when a

17   receivership ends.  In the absence of such briefing, the Court cannot conclude beyond

18   doubt that the government will fail to establish tolling under § 6503(b).

19            **D.      Other Claims.**

20         Defendants argue that claims two through four fail because the basic tax liability

21   in claim one is barred.  As noted above, however, count one is asserted solely against

22   Today.com, which has defaulted on the claim, and the Court cannot conclude at this stage

23   that any claims in this case are time-barred.

24   / / /

25   ───────────────────

26        [4] Defendants make several arguments for the first time in their reply.  These
     include various factual arguments based on exhibits to the government's response brief,
27   assertions that fraud has not been pled with sufficient particularity, claims that the
     complaint fails to plead facts necessary under the *Twombly* and *Iqbal* decisions, and
28   others.  Doc. 26 at 7-8.  The Court will not consider arguments made for the first time in
     a reply memorandum.  *United States v. Rearden*, 349 F.3d 608, 614 n. 2 (9th Cir. 2003).

1    **IT IS ORDERED** that Defendants' motion to dismiss (Doc. 14) is **denied.**  The

2    litigation will proceed under the existing Case Management Order (Doc. 32).

3    Dated this 29th day of September, 2015.

4

5

6

7    _____

8                    David G. Campbell
                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28