**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-15-00086-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Today.com Incorporated, et al., | |
| Defendants. | |

Plaintiff United States of America seeks entry of a default judgment against Defendant Today.com, Inc. under Rule 55(b) of the Federal Rules of Civil Procedure. Doc. 38. Today.com has failed to appear in this case. Defendants Nathan Gwilliam and Dale Gwilliam object to the entry of default judgment. Docs. 44, 45. The Court will grant the motion for default judgment.[1]

**I.    Background.**

Today.com was formed in approximately February 1998. *See* Doc. 13, ¶¶ 9-11. Nathan Gwilliam ("Nathan") acted as President and Treasurer, and Dale Gwilliam ("Dale"), who appears to be Nathan's father, was Secretary and Vice President. *Id.*, ¶¶ 12-13. The government alleges that Today.com failed to pay-over to the IRS federal employment taxes it had withheld from employees during the quarters ending December 31, 1998, March 31, 1999, and June 30, 1999, and also failed to pay the

---

[1] The issues are fully briefed, and the Court finds that oral argument will not aid in the resolution of this matter. *See* LR Civ. 7.2(f); Fed. R. Civ. P. 78(b).

employer's share of taxes under the Federal Insurance Contributions Act for these same quarters. *Id.*, ¶ 51. Today.com also allegedly failed to pay federal unemployment taxes for the year ending December 31, 1998. Doc. 13, ¶ 51. As of October 15, 2015, the government had assessed back taxes and penalties of $291,386.59 against Today.com. Doc. 38 at 8.

The government served Today.com with the complaint and summons in this action on April 28, 2015. Doc. 18. Today.com did not respond, and the Clerk of the Court entered a default against Today.com pursuant to Fed. R. Civ. P. 55(a). Doc. 34.

**II.    Legal Standard.**

Once the Clerk has entered default, a plaintiff may request entry of a default judgment. See Fed. R. Civ. P. 55(b). "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court should consider several factors in deciding whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**III.   Analysis.**

The first *Eitel* factor weighs in favor of granting default judgment. Today.com was served on April 28, 2015. Doc. 18. Today.com has not answered the complaint or otherwise appeared in this action. If the motion for default judgment is not granted, the government "will likely be without other recourse for recovery" against Today.com. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a claim for relief. *See id*. at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint (Doc. 13), the Court's ruling on the

motion to dismiss (Doc. 36), the motion for default judgment (Doc. 38), and the Kittrell Declaration (Doc. 39) shows that the government has stated a claim for relief against Today.com.

The fourth factor considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. The government seeks $291,386.59 under 26 U.S.C. §§ 6656(a) and 6651(a)(2). Doc. 38. The Court finds this request to be appropriate in light of the alleged failure to pay taxes. This factor favors default judgment.

The fifth *Eitel* factor weighs in favor of default judgment. Given the sufficiency of the complaint and Today.com's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The sixth *Eitel* factor favors default judgment. Today.com was properly served with the summons and complaint. Doc. 18. It therefore is "unlikely that [Today.com's] failure to answer and the resulting default was the result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

As for the seventh factor, it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177 (citation omitted). Today.com's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Considering the *Eitel* factors as a whole, the Court concludes that entry of default judgment against Today.com is warranted. Although Nathan and Dale have filed objections to such a default judgment, they do not represent Today.com and they do not dispute that Today.com has failed to answer or appear. The Court will not withhold default judgment on the basis of their objections, but neither does this order decide what defenses Nathan and Dale may assert in this case.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 38) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendant Today.com in the amount of $291,386.59.

Dated this 17th day of November, 2015.

_____
David G. Campbell
United States District Judge